NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1133

CARLEEN WILLIS

VERSUS

RAPIDES PARISH COMMUNICATIONS DISTRICT A/K/A "911"

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,022
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and
Elizabeth A. Pickett, Judges.

AFFIRMED.

Robert L. Beck, Jr.
Law Office of Robert L. Beck, Jr.
P. O. Drawer 12850
Alexandria, LA 71315-2850
(318) 445-6581
Counsel for Plaintiff-Appellant:
Carleen Willis

**K. Wade Trahan**
**Ottinger Hebert, L.L.C.**
**P. O. Drawer 52606**
**Lafayette, LA 70505-2606**
**(337) 232-2606**
**Counsel for Defendant-Appellee:**
**Acadian Ambulance Service, Inc.**

**PICKETT, Judge.**

The plaintiff, Carleen Willis, appeals a judgment of the trial court granting Acadian Ambulance's motion for summary judgment and dismissing Acadian Ambulance.

## STATEMENT OF THE CASE

Johnny Del Willis was involved in a one car accident on Louisiana Highway 488. Shortly after the accident occurred, Shirley and Paul Ponthieux arrived at the scene of the accident. Mrs. Ponthieux called 911, and Derek Belgard, a dispatcher for the Rapides Parish Communications District (RPCD), answered her call. Mr. Belgard contacted the Oak Hill Fire Department and the Louisiana State Police, and he reported the details of the accident to them. Instead of contacting Acadian Ambulance directly, Mr. Belgard attempted to transfer Mrs. Ponthieux's call to Acadian Ambulance. Before Acadian Ambulance answered the transferred call, Mr. Belgard answered another call and disconnected from Mrs. Ponthieux's call. Mr. Belgard believed that this action would not interfere with the transfer to Acadian Ambulance. In fact, when Mr. Belgard hung up on Mrs. Ponthieux, it cancelled the transfer.

Acadian Ambulance did not dispatch an ambulance to the accident scene until approximately forty-five minutes after the initial call, when a dispatcher for Acadian Ambulance heard a faint radio call for an ambulance from the Oak Hill Fire Department. Members of the fire department had been unable to get a cellular signal to call Acadian Ambulance and request an ambulance. The ambulance arrived about eleven minutes later and transported Mr. Willis to the hospital, where he died from

1

his injuries.

Mrs. Willis filed suit against the RPCD, alleging that their failure to timely dispatch an ambulance caused Mr. Willis to be denied life-saving treatment in a timely manner. Mrs. Willis later filed a supplemental petition adding Acadian Ambulance, among others, as a defendant. The petition alleges that Acadian Ambulance failed to receive and respond to the emergency transmission in this case and that Acadian Ambulance failed to "establish and utilize a reliable communications system for the receipt of emergency transmissions[.]"

Acadian Ambulance filed a motion for summary judgment. The trial court granted Acadian Ambulance's motion, finding that Acadian Ambulance did not owe a legal duty to Mr. Willis until it actually received a call for ambulance service. The trial court signed a judgment dismissing Acadian Ambulance from the suit on July 20, 2009. Mrs. Willis now appeals.

## ASSIGNMENT OF ERROR

The plaintiff-appellant, Mrs. Willis, asserts one assignment of error:

The trial court erred as a matter of law in concluding that Acadian Ambulance had no legal duty with regard to the establishment of and implementation of a communications network with RPCD 911 and by granting summary judgment in favor of Acadian Ambulance based on the absence of a legal duty.

## DISCUSSION

Appellate courts review summary judgments de novo, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730.

The supreme court has instructed us that the proper means to determine

whether liability exists under the particular facts of a case is a duty-risk analysis.

*Posecai v. Wal-Mart Stores, Inc.*, 99-1222 (La. 11/30/99), 752 So.2d 762.

> Under this analysis the plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached. Under the duty-risk analysis, all four inquiries must be affirmatively answered for plaintiff to recover.

*Id.* at 765 (Citations omitted).

In *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 8 (La. 3/10/06), 923 So.2d 627, 633, the supreme court stated:

> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. *Meany v. Meany*, 94-0251, p. 6 (La.7/5/94), 639 So.2d 229, 233. Whether a duty is owed is a question of law. *Peterson v. Gibraltar Savings and Loan*, 98-1601, 98-1609, p. 7 (La.5/18/99), 733 So.2d 1198, 1204; *Mundy v. Department of Health and Human Resources*, 620 So.2d 811, 813 (La.1993); *Faucheaux v. Terrebonne Consolidated Government*, 615 So.2d 289, 292 (La.1993). In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. *See Socorro v. City of New Orleans*, 579 So.2d 931, 938 (La.1991). The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty. *Faucheaux*, 615 So.2d at 292; *Perkins* [*v. Entergy Corp.*], 98-2081 at 22 (La.App. 1 Cir. 12/28/99], 756 So.2d [388,] 404 [, *aff'd*, 00-1372, 00-1387, 00-1440 (La. 3/23/01), 782 So.2d 606].

At the hearing in the trial court and in her brief to this court, Mrs. Willis did not argue that Acadian Ambulance was negligent because it failed to respond to the accident in a timely manner. Instead, she argued that Acadian Ambulance owed a duty to her husband, the decedent, to properly advise the RPCD of how to communicate with Acadian Ambulance. It is clear from the record that both the dispatcher for the RPCD, Mr. Belgard, and his supervisor Sonya Wiley-Gremillion,

3

believed that once the dispatcher pressed the button transferring the call to Acadian Ambulance via a dedicated line, the dispatcher could hang up and the call would still be transferred. Clay Henry, the Vice President of Operations for Acadian Ambulance, indicated that the dispatcher had to remain on the line until Acadian Ambulance answered the call in order for the transfer to be completed. He also stated that the RPCD dispatcher should briefly inform the Acadian Ambulance dispatcher of the nature of the call before disconnecting.

Mrs. Willis points to a letter that Acadian Ambulance sent to the 911 office in Rankin County, Mississippi, explaining the procedures for transferring calls to Acadian Ambulance. She cites the absence of a similar letter to the RPCD as evidence that Acadian Ambulance failed to exercise reasonable care.

Mrs. Willis would have us impose a duty on Acadian Ambulance to properly train the employees of the RPCD in the use of the RPCD equipment to communicate with Acadian Ambulance. She points to no statutory or jurisprudential principles that support the imposition of this duty.

We decline to impose a duty on Acadian Ambulance in this case. As soon as Acadian Ambulance's dispatcher heard via the radio that an ambulance was needed at the scene of the accident, he promptly sent an ambulance. Acadian Ambulance's duty does not extend to insuring that RPCD employees are properly trained on how to use RPCD equipment.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mrs. Willis.

4

**AFFIRMED.**